UNITED STATES DISTRICT COURT
SOUTHRN DISTRICT OF FLORIDA
Case No.:      -cv-

MICHEL VILANOVA, ROBERTO ALVAREZ,
JOEL FERNANDEZ, CARLOS FERNANDEZ,
FRANCISCO FRANCIA, LEONARDO GONZALEZ,
GEISY QUESADA, and YASIER SUAREZ, on behalf
of themselves, individually, and on
behalf of all others similarly situated
who consent to their inclusion in a
Collective Action

    Plaintiffs,

v.

MOBILITY MEDICAL TRANSPORT, INC.,
a Florida Corporation, and MARIA COLLAZO
EXPOSITO and YANKO VALDEZ, individually;

    Defendants.
_____/

## COLLECTIVE ACTION COMPLAINT

Plaintiffs, MICHEL VILANOVA, ROBERTO ALVAREZ, JOEL FERNANDEZ, CARLOS FERNANDEZ, FRANSCICO FRANCIA, LEONARDO GONZALEZ, GEISY QUESAD, and YASIER SUAREZ (hereafter collectively referred to as "Plaintiffs"), on behalf of themselves, individually, and on behalf of all others similarly situated who consent to their inclusion in a collective action, by and through the undersigned counsel, sues Defendants, MOBILITY MEDICAL TRANSPORT, INC., a Florida Corporation, and MARIA COLLAZO EXPOSITO and YANKO VALDEZ, Individually, (hereafter collectively referred to as "Defendants") pursuant to 29 U.S.C. §201, *et.seq.*, the Fair Labor Standards Act (the "FLSA") and states as follows:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331, because this action involves a federal statute, namely, 29 U.S.C. §207.

2. This Court has personal jurisdiction over this action because Defendants conduct business in Miami-Dade County, Florida and the damages at issue occurred in Miami-Dade County, Florida.

3. Venue is proper to this court under 28 U.S.C. §1391(b) and (c) because a substantial part of the events giving rise to the claim occurred in this district and payment was due in Miami-Dade County.

4. At all times, relevant to this action Plaintiffs were employees of Defendants within the meaning of 29 U.S.C. §203(e)(1).

## PARTIES

5. All Plaintiffs are former employees of Defendants as defined by 29 U.S.C. §203(e). Plaintiffs were drivers who transported medical patients, and they bring this action on behalf of themselves and all other current or former drivers who are hourly, non-exempt employees of Defendants within the state of Florida.

6. Individual and representative Plaintiff, MICHEL VILANOVA, is an adult, male resident of the state of Florida who presently resides in Miami-Dade County, Florida. He worked as an hourly non-exempt employee of Defendants from approximately March 13, 2017 until on or about June 8, 2018.

7. Individual and representative Plaintiff, ROBERTO ALVAREZ, is an adult, male resident of the state of Florida who presently resides in Miami-Dade County, Florida. He worked

as an hourly non-exempt employee of Defendants from approximately March 22, 2017 until on or about November 1, 2017.

8. Individual and representative Plaintiff, JOEL FERNANDEZ, is an adult, male resident of the state of Florida who presently resides in Miami-Dade County, Florida. He worked as an hourly non-exempt employee of Defendants from approximately January 1, 2017 until on or about March 29, 2018.

9. Individual and representative Plaintiff, CARLOS FERNANDEZ, is an adult, male resident of the state of Florida who presently resides in Miami-Dade County, Florida. He worked as an hourly non-exempt employee of Defendants from approximately April 29, 2017 until on or about April 17, 2018.

10. Individual and representative Plaintiff, FRANCISCO FRANCIA, is an adult, male resident of the state of Florida who presently resides in Miami-Dade County, Florida. He worked as an hourly non-exempt employee of Defendants from approximately January 1, 2017 until on or about November 29, 2018.

11. Individual and representative Plaintiff, LEONARDO GONZALEZ, is an adult, male resident of the state of Florida who presently resides in Miami-Dade County, Florida. He worked as an hourly non-exempt employee of Defendants from approximately February 20, 2017 until on or about August 24, 2018.

12. Individual and representative Plaintiff, GEISY QUESADA, is an adult, female resident of the state of Florida who presently resides in Miami-Dade County, Florida. He worked as an hourly non-exempt employee of Defendants from approximately January 1, 2017 until on or about March 2, 2018.

13. Individual and representative Plaintiff, YASIER SUAREZ, is an adult, male resident of the state of Florida who presently resides in Miami-Dade County, Florida. He worked as an hourly non-exempt employee of Defendants from approximately January 1, 2017 until on or about August 10, 2018.

14. Defendant, MOBILITY MEDICAL TRANSPORT, INC., is a Florida Corporation with its principle address located at 3590 NW 49th Street, Miami, Florida 33142.

15. Defendant, MOBILITY MEDICAL TRANSPORT, INC. is an enterprise engaged in an industry affecting interstate commerce, are "employer[s]" as defined by 29 U.S.C. §203(d) and s(1), in that they have employees engaged in interstate commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce by any person.

16. Based upon information and belief, the annual gross sales volume of the Defendants entity was in excess of $500,000.00 per annum at all times material hereto.

17. At all times material hereto, Plaintiffs are and continue to be residents of Miami, Miami-Dade County, Florida and were an "employee" of the Defendants within the meaning of the FLSA.

18. At all times material hereto, the work performed by Plaintiffs was directly essential to the business performed by the Defendants.

19. Plaintiffs and similarly situated drivers were individually engaged in commerce.

20. Defendant, MARIA COLLAZO EXPOSITO is the President of Defendant, MOBILITY MEDICAL TRANSPORT, INC. and was Plaintiffs' employer within the meaning of the FLSA as she was Plaintiffs' supervisor, had the power to hire and fire employees, including

Plaintiffs, supervised and controlled Plaintiffs' conditions of employment, determined the rate and method of payment to Plaintiffs, maintained Plaintiffs' employment records and had significant operational control of Defendant, MOBILITY MEDICAL TRANSPORT, INC.

21. As an officer, manager and/or owner of the Defendant, MOBILITY MEDICAL TRANSPORT, INC., who had significant operational control of its day to day operations, MARIA COLLAZO EXPOSITO is an employer within the meaning of the FLSA. *See In re Van Diepen, P.A.*, 236 Fed. Appx. 492, 12 Wage and Hour Cae. 2d (BNA) 1358 (11th Cir. 2007) (allowing individual liability).

22. Defendant, YANKO VALDEZ is the Vice President of Defendant, MOBILITY MEDICAL TRANSPORT, INC. and was Plaintiffs' employer within the meaning of the FLSA as he was Plaintiffs' supervisor, had the power to hire and fire employees, including Plaintiffs, supervised and controlled Plaintiffs' conditions of employment, determined the rate and method of payment to Plaintiffs, maintained Plaintiffs' employment records and had significant operational control of Defendant, MOBILITY MEDICAL TRANSPORT, INC.

23. As an officer, manager and/or owner of the Defendant, MOBILITY MEDICAL TRANSPORT, INC., who had significant operational control of its day to day operations, YANKO VALDEZ is an employer within the meaning of the FLSA. *See In re Van Diepen, P.A.*, 236 Fed. Appx. 492, 12 Wage and Hour Cae. 2d (BNA) 1358 (11th Cir. 2007) (allowing individual liability).

24. At all times material hereto, the Defendants are and continue to be an "employer" within the meaning of the FLSA.

25. At all times material, during Plaintiffs' employment with Defendants, the Defendants were engaged in interstate commerce or in the production of goods for commerce. The Defendants continue to be an "enterprise engaged in commerce" within the meaning of the FLSA.

## CLASS DEFINITIONS

26. Plaintiffs bring his claim on behalf of the Collective Class of Drivers as follows:

> All drivers, or employees performing similar work regardless of their job title, who are or were employed by Defendants, within the past three years preceding the filing of this lawsuit, and who elect to opt-in to this action pursuant to FLSA 29 U.S.C. Section §216(b).

27. This collective action arises from an ongoing wrongful scheme by Defendants to willfully fail to pay its employees the applicable overtime compensation for all hours worked in excess of forty (40) in a workweek in violation of the FLSA.

28. Plaintiffs believe that they can adequately represent the Collective Class of Drivers and consents to doing so.

29. Plaintiffs allege for themselves and on behalf of the collective class members who elect to opt-in to this action, that they are entitled to the unpaid overtime compensation from Defendants at a rate of time and one-half of his regular rate of pay for all hours worked in excess of forty (40) in a workweek, as required by law.

## GENERAL ALLEGATIONS

30. Upon information and belief, the job duties and responsibilities of all drivers employed by Defendants are uniform and are mirror images of each other.

31. Plaintiffs, and similarly situated drivers, were required to drive and transport medical patients to medical facilities.

32. Defendants promised Plaintiffs, and similarly situated drivers, that they were going to be paid an hourly wage.

33. Defendants required Plaintiffs, and similarly situated drivers, to work twelve (12) hours a day, Monday through Saturday.

34. Plaintiffs, and similarly situated drivers, regularly worked in excess of forty (40) hours per week, but were not paid at the rate of time-and-one-half their regular hourly rate.

35. Although the Defendants were able to keep track of hours worked by Plaintiffs, and similarly situated drivers, the Defendants failed to pay Plaintiffs, and similarly situated drivers, at an overtime rate when working in excess of forty (40) hours a week.

36. Plaintiffs, and similarly situated drivers, should have been paid on an hourly, non-exempt rate during the entire court of their employment with the Defendants.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

37. Plaintiffs bring this action as collective action pursuant to the Fair Labor Standards Act §216(b), on behalf of himself and a class of persons consisting of:

    All drivers, or employees performing similar work regardless of their job title, who are or were employed by Defendants, within the past three years preceding the filing of this lawsuit, and who elect to opt-in to this action pursuant to FLSA 29 U.S.C. Section §216(b).

38. The claims of the Representative Plaintiffs are typical of the claims of the Collective Class.

39. The number of potential Collective Class members is so numerous that a joinder of all members is impractical although the precise number of class individuals is presently in the sole possession of Defendants.

40. Upon information and belief, Plaintiffs reasonably believe that the Collective Class of drivers compromises more than 20 current and former drivers over the past 3 years.

41. Plaintiffs will fairly and adequately represent and protect the interests of the proposed Collective Class members. Plaintiffs have retained competent counsel experienced in complex class and collective actions along with employment litigation. There is no conflict between the Plaintiffs and the Class members.

42. Common questions of law and fact exist as to the proposed Collective Class that predominate over any questions only affective individually and include, but are not limited to, the following:

    a) Whether Defendants unlawfully deprived the class of drivers an overtime premium for all hours worked in excess of forty (40) in a workweek;

    b) Whether Defendants' policy of failing to pay its drivers an overtime premium for all hours worked in excess of forty (40) per week has been instituted willfully or with reckless disregard of the law; and

    c) The nature and extent of class-wide injury and the measure of damages for those injuries.

43. Collective representation is superior to other available methods for the fair and efficient adjudication of the controversy for a number of reasons including but not limited to the following: the case challenges the policy of a large employer, and many employees may be reluctant to bring claims individually for fear of retaliation; some class members may have only worked for the Defendants for a short period of time and their individuals damages would not be substantial enough to be worth the cost and effort of bringing individual claims; many class members will not have the resources to bring their claims individually; and it would be highly inefficient to require each employee affected by the practices challenged herein to bring his or her own individual claim.

44. Defendants have willfully failed to pay its drivers an overtime premium for all hours worked in excess of forty (40) each week for the purpose of minimizing payroll and increasing profitability.

45. Defendants received the benefits of the Plaintiffs; and the putative class members', labor without compensating them for the labor.

46. Defendants are liable under the FLSA for failing to compensate its drivers for all hours worked and notice should be sent to past and current employees of Defendants. It is estimated that there at least twenty (20) current or former similarly situated drivers who have been employed by Defendants in the preceding three years. These similarly situated employees would benefit from the issuance of court supervised notice regarding the present lawsuit and the opportunity to join in the present lawsuit pursuant to FLSA §216(b). These similarly situated employees are known to Defendants, are readily identifiable, and can be located only through Defendants' records.

47. Defendants willfully violated FLSA §207 by failing to pay Plaintiffs and others similarly situated an overtime premium for all hours worked in excess of forty (40) per week.

## COUNT I
### Failure to Pay Overtime Compensation in Violation of the FLSA 29 U.S.C. §207

48. Plaintiffs allege and incorporate by reference paragraphs 1-47 of this Complaint and fully restate and re-allege all facts and claims herein.

49. The Defendants' conduct in failing to pay Plaintiffs, and similarly situated employees, an overtime premium for all hours worked in excess of forty (40) violates the FLSA.

50. The Defendants have willfully and intentionally engaged in a pattern and practice of violating the overtime provisions of the FLSA by failing to pay its drivers overtime compensation for all hours worked over forty (40) hours per week, pursuant to 29 U.S.C. §207.

51. The widespread nature of Defendants' failure to pay overtime under the FLSA is demonstrative of their willful plan and scheme to avoid paying an overtime premium to its drivers.

52. As a result of Defendants' unlawful acts, Plaintiffs, and similarly situated employees, have been deprived of compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages in an amount equal to the overtime wages due, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §216(b), as well as injunctive relief pursuant to 29 U.S.C. §217.

53. Defendants have not made a good faith effort to comply with the overtime compensation requirements of the FLSA with respect to Plaintiffs and the Collective Class, comprised of all other employees similarly situated.

**WHEREFORE**, Plaintiffs, MICHEL VILANOVA, ROBERTO ALVAREZ, JOEL FERNANDEZ, CARLOS FERNANDEZ, FRANSCICO FRANCIA, LEONARDO GONZALEZ, GEISY QUESAD, and YASIER SUAREZ, on behalf of themselves, individually, and on behalf of the Collective Class of Drivers, requests the following relief:

a) An order designating this action as a collective action and issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated individuals with instructions to permit them to assert timely FLSA claims in this action by filing individual consents to join

pursuant to §216 and that notice be sent to all past and present drivers employed by the Defendants within three year preceding the filing of this action;

b) That the Court find Defendants in violation of the overtime compensation provisions of the FLSA;

c) That the Court find that the Defendants' violation of the FLSA is willful;

d) Payment of unpaid overtime wages calculated at the rate of one and one-half times the applicable regular rate of pay for every hour worked in excess of forty during any given work week during the three-year period immediately preceding the filing of this suit.

e) An equal amount of all the damages in the form of liquidated damages as allowed under the FLSA;

f) Reasonable attorney's fees, costs, and expenses of this action as provided by 29 U.S.C. §216(b); and

g) Any such legal and equitable relief that this Court may deem appropriate.

## DEMAND FOR JURY TRIAL

A jury trial is demanded on all issues triable by jury.

Respectfully Submitted,

**GALLARDO LAW OFFICE, P.A.**
*Attorney for the Plaintiffs*
8492 SW 8th Street
Miami, Florida  33144
Telephone (305) 261-7000
Facsimile (786) 261-0088

By: _____
Elvis J. Adan, Esq.
Florida Bar No. 24223
Email: elvis.adan@gallardolawyers.com